THREADGILL, EDWARD F., Senior Judge.
Betty Johnson challenges the Department of Business and Professional Regulation Construction Industry Licensing Board’s final order, approving her claim for restitution from the Construction Industries Recovery Fund (“the Fund”)[1] in the amount of $7455. We affirm the approval of Ms. Johnson’s claim; however, because the Board’s final order is internally inconsistent, we reverse as to the amount and remand.
Ms. Johnson’s claim under the Fund stems from a construction contract that she entered into with McDurfee Home Improvement, Inc. Pursuant to the contract and subsequent change orders, Ms. Johnson was to pay McDurfee $28,990 to repair and remodel her pool deck. Ms. Johnson paid an initial deposit of $7455 to McDur-fee. After demolishing the existing deck and patio, McDurfee was unable to meet its obligations under the contract. As such, Ms. Johnson was forced to pay another contractor $85,855 to complete the work.
Under the statute, Ms. Johnson is entitled to restitution in an amount not to exceed $25,000, so long as the amount represents “actual or compensatory damages.” See § 489.143(1). In its order, the Board notes that “actual damages” means the completion cost less the contract price, which includes amounts added pursuant to any subsequent change orders. The Board goes on to approve Ms. Johnson’s claim in the amount of $7455, which *372 it notes represents the actual damages “calculated by determining the difference between the original contract price after deducting payments to the original contractor, and the total costs incurred by the Claimant to complete the project.”
While we agree with the Board that, under the statute, Ms. Johnson is entitled to actual damages, we disagree with the Board’s arithmetic. Based on the figures that the Board set out in its final order, the difference between the cost of completion ($35,855) and the contract price less any deposits already paid ($28,990-$7455) equals $14,320.
Accordingly, we affirm the Board’s approval of Ms. Johnson’s claim for restitution from the Fund in an amount equal to her actual damages. However, we reverse the award of only $7455 and remand with directions to enter an award in the amount of $14,320.[2]
Affirmed in part, reversed in part, and remanded.
CASANUEVA and DAVIS, JJ., Concur.

. § 489.140, Fla. Stat. (2002).

^ This amount does not include the $3731.50 in restitution previously awarded to Ms. Johnson by the Board in case no. 2002-004705.